1
2
3
4
5
6
7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FERNANDO GASTELUM,                          Case No.  1:21-cv-01230-JLT-CDB

12              Plaintiff,                        **ORDER REQUIRING PLAINTIFF TO
                                                  SHOW CAUSE RE SUPPLEMENTAL
13        v.                                      JURISDICTION**

14   TC HERITAGE INN 2 OF                         Deadline:  June 20, 2023
     BAKERSFIELD LLC,
15
                Defendant.
16

17        On August 13, 2021, Plaintiff Fernando Gastelum, proceeding *pro se*, initiated this action

18   against TC Heritage Inn 2 of Bakersfield LLC.  (Doc. 1.)  On March 3, 2022, Plaintiff filed the

19   operative, First Amended Complaint ("FAC").  (Doc. 15.)  The FAC asserts claims for injunctive

20   relief under the Americans with Disabilities Act of 1990 ("ADA"), and a claim for statutory

21   damages under California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-

22   53.  (*Id.*).  A case management order was entered on April 19, 2023, and nonexpert discovery is

23   scheduled to proceed for approximately eight more months.  (Doc. 32.)

24        Based upon the recent Ninth Circuit opinion in *Vo v. Choi*, this Court will order Plaintiff

25   to show cause why the Court should not decline to exercise supplemental jurisdiction over

26   Plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022)

27   (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh

28   Act and ADA case).

                                                 1

1    In the Unruh Act, a state law cause of action expands the remedies available in a private

2    action. California, in response to the resulting substantial volume of claims asserted under the

3    Unruh Act and the concern that high-frequency litigants may be using the statute to obtain

4    monetary relief for themselves without accompanying adjustments to locations to assure

5    accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v.*

6    *Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021).  These heightened pleading requirements apply to

7    actions alleging a "construction-related accessibility claim," which California law defines as "any

8    civil claim in a civil action with respect to a place of public accommodation, including but not

9    limited to, a claim brought under Section 51[ ], based wholly or in part on an alleged

10   violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

11   Moreover, California imposes additional limitations on "high-frequency litigants," defined

12   as:

13
> A plaintiff who has filed 10 or more complaints alleging a construction-related
14   > accessibility violation within the 12-month period immediately preceding the filing
> of the current complaint alleging a construction-related accessibility violation.

15

16   Cal. Civ. Proc. Code § 425.55(b)(1).  Such "high-frequency litigants" are subject to a special

17   filing fee and further heightened pleading requirements.  *Vo*, 49 F.4th at 1170.  *See* Cal. Gov.

18   Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).  By enacting restrictions on the filing of

19   construction-related accessibility claims, California has expressed a desire to limit the financial

20   burdens California's businesses may face for claims for statutory damages under the Unruh Act.

21   *See Arroyo*, 19 F.4th at 1206-07, 1212.  The Ninth Circuit has also expressed "concerns about

22   comity and fairness" by permitting plaintiffs to circumvent "California's procedural

23   requirements." *Vo*, 49 F.4th at 1171.  Plaintiffs who file these actions in federal court evade these

24   limits and pursue state law damages in a manner inconsistent with the state law's requirements.

25   *See generally*, *Arroyo*, 19 F.4th at 1211–12; *Vo*, 49 F.4th at 1171-72.

26   In an action over which a district court possesses original jurisdiction, that court "shall

27   have supplemental jurisdiction over all other claims that are so related to claims in the action

28   within such original jurisdiction that they form part of the same case or controversy under Article

2

1    III of the United States Constitution." 28 U.S.C. § 1367(a).  Even if supplemental jurisdiction

2    exists, however, district courts have discretion to decline to exercise supplemental jurisdiction.

3    28 U.S.C. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors"

4    including "the circumstances of the particular case, the nature of the state law claims, the

5    character of the governing state law, and the relationship between the state and federal claims."

6    *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

7           According to the filings with this Court, Plaintiff Gastelum has filed at least 11 cases

8    asserting ADA and Unruh Act claims in the Eastern District alone within the 12-month period

9    from May 2022 to May 2023, and more than 25 cases in the last two years.  Indeed, at least one

10   Eastern District court has indicated that Plaintiff appears to be a high-frequency litigant.  *See*

11   *Gastelum v. Cotton On USA, Inc.*, 1:22-cv-01194-JLT-SAB, Doc. 11 at p. 4.

12          For these reasons, IT IS HEREBY ORDERED as follows:

13          1.     Plaintiff is ORDERED to show cause, in writing, no later than **June 20, 2023**, why

14   the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act

15   claim;

16          2.     In responding to the show cause order, Plaintiff is further ORDERED to:

17                 a.  identify the amount of statutory damages Plaintiff seeks to recover; and

18                 b.  submit a declaration from Plaintiff, signed under penalty of perjury, providing

19                     all facts necessary for the Court to determine if he is a "high-frequency

20                     litigant;"

21          3.     Plaintiff is cautioned that the failure to respond may result in a recommendation to

22   dismiss of the entire action without prejudice. Fed. R. Civ. P. 41(b) (stating that dismissal is

23   warranted "[i]f the plaintiff fails to … comply with … a court order"); *see also Hells Canyon*

24   *Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); and

25   / / /

26   / / /

27   / / /

28

3

4.      Further, an inadequate response will result in the Court recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that the Unruh claim be dismissed pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated:   **May 31, 2023**

UNITED STATES MAGISTRATE JUDGE

4