UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TC HERITAGE INN 2 OF BAKERSFIELD LLC,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01230-JLT-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**<br><br>(Docs. 33, 34) |

On June 1, 2023, the Court issued an order requiring Fernando Gastelum ("Plaintiff") to show cause as to why the Court should not decline to exercise supplemental jurisdiction over his State law claims. (Doc. 33). Presently before the Court is Plaintiff's response (Doc. 34) to its order to show cause (Defendant TC Heritage Inn 2 of Bakersfield LLC, was not required to and did not answer either Plaintiff's response or the Court's order). Having considered Plaintiff's response and the Court's file, the undersigned finds this matter suitable for decision without oral argument. *See* Local Rule 230(g). Due to the unique circumstances and procedural posture of this case, and for the reasons further set forth herein, the Court agrees to retain supplemental jurisdiction over Plaintiff's State law claim.

**Background and Discussion**

On August 13, 2021, Plaintiff Fernando Gastelum, proceeding *pro se*, initiated this action against Defendant TC Heritage Inn 2 of Bakersfield LLC. (Doc. 1). On February 23, 2022, the

1

Court granted Defendant's motion to dismiss (Doc. 13), finding Plaintiff had not adequately pleaded facts establishing that he had standing to assert a claim under the Americans with Disabilities Act of 1990 ("ADA"). Based on Plaintiff's opposition brief, it appeared to the Court he could cure the pleading deficiencies, and, thus, leave to amend was granted.

On March 3, 2022, Plaintiff filed the operative, First Amended Complaint ("FAC"). (Doc. 15). Defendant filed a motion to dismiss on the grounds the FAC suffered from similar pleading deficiencies with respect to Plaintiff's standing to assert an ADA claim. (Doc. 16). Defendant additionally argued that Plaintiff's claim for statutory damages under California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-53, should be dismissed on the grounds that one of the same Ninth Circuit decisions cited in this Court's show cause order (*Arroyo*, *infra*) stands for the proposition that "the monetary component of an Unruh Act claim and the heightened pleading requirements under state law justify declining supplemental jurisdiction over the Unruh Act claim." (Doc. 16 at 27).

On January 25, 2023, the Court entered an order denying Defendant's motion to dismiss the FAC. (Doc. 27). The Court found Plaintiff adequately alleged standing to assert an ADA claim and that "judicial economy and convenience" weighed in favor of retaining jurisdiction over the Unruh Act claim. (*Id*. at 19-20).

Significantly, the parties' briefing of Defendant's second motion to dismiss was complete months before the Ninth Circuit published its opinion in *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case). In *Vo*, the Court noted California has imposed heightened pleading requirements for certain Unruh Act claims to address the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others. *Id*. at 1170. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). The Court also noted that "concerns about comity and fairness" implicated by permitting plaintiffs to circumvent "California's procedural requirements by bringing their claims in federal court" constituted exceptional circumstances sufficient to warrant declining supplemental jurisdiction over an Unruh Act claim. *Vo*, 49 F.4th

at 1171.  Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements.  *See generally*, *Arroyo*, 19 F.4th at 1211–12; *Vo*, 49 F.4th at 1171-72.

Notwithstanding *Vo*, in light of the unique circumstances and posture of this case, retaining supplemental jurisdiction over Plaintiff's Unruh Act claim is warranted.  The parties and the Court already have invested significant time and resources resolving two fully briefed motions to dismiss and the case has been pending for almost two years.  *E.g.*, *Arroyo v. Rojas*, 19 F.4th 1202, 1215–16 (9th Cir. 2021) ("If the district court had declined supplemental jurisdiction over Arroyo's Unruh Act claim at the *outset* of the litigation, it might then still have been possible to further California's interest in cabining Unruh Act damages claims through the imposition of heightened *pleading* requirements and a substantial up-front filing fee.").

**Conclusion and Order**

For forgoing reasons, IT IS HEREBY ORDERED that:

1. The Court's June 1, 2023, order to show cause (Doc. 33) is DISCHARGED;
2. The Court retains supplemental jurisdiction over Plaintiff's state law claim.

IT IS SO ORDERED.

Dated:   **July 26, 2023**                           _____
                                                        UNITED STATES MAGISTRATE JUDGE

3