1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    FERNANDO GASTELUM,                    Case No. 1:21-cv-01230-JLT-CDB

12                 Plaintiff,               ORDER GRANTING DEFENDANT'S
                                            ADMINISTRATIVE MOTION TO
13           v.                             CONSIDER LATE-FILED MOTION

14    TC HERITAGE INN 2 OF                  (Doc. 42)
      BAKERSFIELD LLC, d/b/a Home 2
15    Suites by Hilton Bakersfield,
                                            FINDINGS AND RECOMMENDATIONS TO
16                 Defendant.               (1) DENY DEFENDANT'S MOTION FOR
                                            JUDGMENT ON THE PLEADINGS, and (2)
17                                          STRIKE OR DENY PLAINTIFF'S
                                            PUPORTED CROSS-MOTION FOR
18                                          SUMMARY JUDGMENT

19                                          (Doc. 41, 44, 46)

20                                          **14-DAY OBJECTION PERIOD**

21

22           Plaintiff Fernando Gastelum ("Plaintiff"), appearing pro se, initiated this action with the

23    filing of a complaint on August 13, 2021, against Defendant TC Heritage Inn 2 of Bakersfield LLC,

24    doing business as Home 2 Suites by Hilton Bakersfield ("Defendant").  (Doc. 1).  Plaintiff seeks

25    through the operative, first amended complaint to hold Defendant liable for violations of the

26    Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act.  (Doc. 15).

27           Pending before the undersigned is Defendant's motion for judgment on the pleadings or in

28    the alternative, for summary judgment, filed on June 11, 2024.  (Doc. 41).  Defendant filed

therewith an administrative motion to consider the late-filed motion. (Doc. 42).[1]  On June 26, 2024, Gastelum filed an opposition and purported cross-motion for summary judgment. (Doc. 44).  On July 10, 2024, Defendant filed a motion to strike the purported cross-motion. (Doc. 46).  On August 24, 2024, Defendant replied in support of its motion for judgment on the pleadings. (Doc. 47).  On August 25, 2024, Defendant filed its opposition to Gastelum's purported cross-motion. (Doc. 48). The undersigned addresses the motions in turn below.

## I.    BACKGROUND

In the operative complaint, Gastelum attests that he is "missing a leg" and "uses a wheelchair for mobility." (Doc. 15 ¶ 1).  He alleges that where "locations are not designed for the use of a wheelchair, that is, accessible routes do not provide firm, level surface, or are not designed for persons using a wheelchair, [he] must use his prosthetic leg and a cane to move short distances." (*Id.* ¶ 4).  Gastelum pleads that "use of the prosthetic leg and cane limits [his] access to a greater degree than the use of a wheelchair," because it "impairs… access to all things requiring a two handed or two legged operations, such as pushing open doors, reaching for items requiring a two handed operation to use and similar." (*Id.* ¶ 15).

On July 1, 2021, Gastelum visited the "Home to Suites by Hilton" located at 8227 Brimhall Road in Bakersfield, California ("the Hotel"), which he alleges is owned by Defendant. (*Id.* ¶¶ 8, 13).  Gastelum alleges he went to the Hotel "with the intention to avail himself of their goods or services motivated in part to determine if the Defendant complies with the disability access laws." (*Id.* ¶ 13).  Gastelum alleges he "discovered that the Hotel was not designed for wheelchair use," which required him "to use the prosthetic leg and a cane to move, open doors and reach for items." (*Id.* ¶¶ 15, 17).

He further alleges he encountered "inaccessible elements at the Hotel," including the doors to his hotel room that "required greater than 5 lbs of force to open." (*Id.* ¶ 17(b)).  Gastelum acknowledges that he drove to the Hotel but asserts "he could not be a passenger because there was

---

[1] On June 12, 2024, the Honorable District Judge Jennifer L. Thurston referred the motion for judgment on the pleadings (Doc. 41) and related administrative motion for miscellaneous relief (Doc. 42) to the assigned magistrate judge for preparation of findings and recommendations and/or other appropriate action. (Doc. 43).

no exclusive access isle (sic) that he could use as a passenger." (*Id.* ¶ 17(a)). He asserts the identified "barriers interfered with [his] full and equal enjoyment of the Hotel." (*Id.* ¶ 18). Thus, Gastelum contends that "[b]y failing to provide accessible facilities, the defendants denied… [him] full and equal access." (*Id.*).

Gastelum alleges that he "frequently travels to the Bakersfield area where the Hotel is located." (*Id.* ¶ 26). According to Gastelum, he "is currently deterred" from returning to the Hotel "because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." (*Id.* ¶ 28). For example, Gastelum alleges he returned to Bakersfield during January 2022 "but declined to stay at the Hotel based on his knowledge that the Hotel was not accessible." (*Id.* ¶ 27). He contends he "will return to the Hotel to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Hotel is accessible." (*Id.*).

The Court dismissed Gastelum's original complaint with leave to amend to cure pleading deficiencies related to standing. *See* (Doc. 13). On March 3, 2022, Gastelum filed the operative, first amended complaint. (Doc. 15). Defendant filed a motion to dismiss the first amended complaint on March 21, 2022, on grounds the complaint suffered from similar pleading deficiencies with respect to Plaintiff's standing to assert a claim under the ADA. (Doc. 16). On January 25, 2023, the Court denied Defendant's motion to dismiss the first amended complaint. (Doc. 27). Although the Court found Gastelum failed to allege sufficient facts to demonstrate standing on ADA claims pertaining to the Hotel's passenger zone and for hotel items being beyond regulatory "reach ranges," the Court found Gastelum adequately alleged standing to assert an ADA claim based on a force barrier at an interior door and that "judicial economy and convenience" weighed in favor of retaining jurisdiction over the state Unruh Act claim. (*Id.* at 19-20).

## II.    APPLICABLE LEGAL STANDARDS

### A.    The Americans with Disabilities Act ("ADA")

Title III of the ADA prohibits discrimination against persons with disabilities and provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place

3

of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA requires business facilities be "readily accessible to and usable by individuals with disabilities," unless it would be "structurally impracticable." 42 U.S.C. § 12183(a)(1); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). "In general, a facility is readily accessible to and usable by individuals with disabilities if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines,' or the 'ADAAG.'" *Oliver*, 654 F.3d at 905. These standards are codified at 28 C.F.R. Pt. 36, Appendix A, and are "essentially an encyclopedia of design standards." (*See id.*).

For purposes of Title III, discrimination also includes "a failure to remove architectural barriers … in existing facilities … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The Ninth Circuit has articulated the elements of an ADA discrimination claim as follows:

> To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability.

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). A plaintiff need not show intentional discrimination to establish an ADA violation. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004).

**B.    Rule 12(c) Motion for Judgment on the Pleadings**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough to not delay trial." Fed. R. Civ. P. 12(c). "[P]leadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming ... that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Because Defendant filed an answer (Doc. 28), and no counterclaims or cross-claims were made, the pleadings are closed in this action. *Doe*, 419 F.3d at 1061.

A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing

4

1    party's pleadings and operates in much the same manner as a motion to dismiss under Rule

2    12(b)(6)." *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. Jun. 29, 2006), *aff'd*

3    277 Fed. Appx. 734 (9th Cir. 2008).  *See Dworkin v. Hustler Magazine, Inc.*, 867 F. 2d 1188, 1192

4    (9th Cir. 1989) (noting a Rule 12(c) motion is "functionally identical" to a motion under Rule 12(b)

5    where the "principal difference" between such motions is the time of filing).  Consequently, "the

6    same standard of review" applies to a Rule 12(c) motion.  *Chandavong v. Fresno Deputy Sheriff's*

7    *Assoc.*, 599 F. Supp. 3d 1017, 1020 (E.D. Cal. Apr. 25, 2022) (citing *Gregg v. Dep't of Public*

8    *Safety*, 870 F.3d 883, 887 (9th Cir. 2017)).

9            In deciding a motion for judgment on the pleadings, the Court must determine whether the

10    complaint contains "sufficient factual matter, accepted as true, to state a claim of relief that is

11    plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see United States ex rel. Cafasso*

12    *v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (explaining the pleading

13    standard under *Iqbal* applies to Rule 12(c) motions, because Rule 12(b) and Rule 12(c) motions are

14    functionally equivalent).  Thus, the Court "must accept all factual allegations in the [pleadings] as

15    true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*,

16    581 F.3d 922, 925 (9th Cir. 2009).  The Court is "not required to accept as true allegations that

17    contradict exhibits attached to the Complaint, or matters properly subject to judicial notice, or

18    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

19    inferences." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254

20    (9th Cir. 2013).

21            To prevail on a Rule 12(c) motion, the moving party bears the burden to demonstrate that

22    (1) "no material issue of fact remains to be resolved" and (2) "he is entitled to judgment as a matter

23    of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984).  However, the

24    Court retains the discretion to grant a Rule 12(c) motion with leave to amend, or to grant dismissal

25    rather than enter judgment. *See Pacific W. Grp. v. Real Time Solutions*, 321 Fed. Appx. 566, 569

26    (9th Cir. 2008); *see also Chandavong*, 599 F. Supp. 3d at 1020 ("[a]lthough Rule 12(c) does not

27    mention leave to amend, courts may grant a Rule 12(c) motion with leave to amend"); *Lonberg v.*

28    *City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. Jan. 29, 2004) ("courts have discretion both

5

1    to grant a Rule 12(c) motion with leave to amend ... and to simply grant dismissal of the action

2    instead of entry of judgment").

3        **C.    Jurisdictional Challenges**

4        The district court is a court of limited jurisdiction and is empowered only to hear disputes

5    "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

6    375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Federal

7    courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively

8    appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Thus, a plaintiff carries the

9    burden of demonstrating the Court has subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377

10    (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United*

11    *States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

12        Notably, although a challenge to subject matter is normally made under Rule 12(b)(1), "it

13    may also be raised on a motion pursuant to Rule 12(c)." *J & J Sports Prods. v. Alvarez*, No. 1:12-

14    cv-01946-AWI-BAM, 2013 WL 6070412, at *2 (E.D. Cal. Nov. 15, 2013) (citing *Formula One*

15    *Motors, Ltd. v. United States*, 777 F.2d 822 (2nd Cir. 1985)) (affirming dismissal of action for lack

16    of subject matter jurisdiction on a Rule 12(c) motion); *see Strudley v. Santa Cruz Cnty. Bank*, No.

17    5:15-cv-05106-EJD, 2017 WL 4355129, at *2 (N.D. Cal. Sept. 29, 2017) ("in a significant number

18    of cases, federal courts have permitted a defending party to raise a lack of subject matter jurisdiction

19    on a Rule 12(c) motion for judgment on the pleadings.") (citation omitted).  "If a party raises an

20    issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the

21    district judge will treat the motion as if it had been brought under Rule 12(b)(1)." *San Luis Unit*

22    *Food Producers v. United States*, 772 F. Supp. 2d 1210, 1218 (E.D. Cal. Feb. 16, 2011) (citation

23    omitted); *see Strojnik v. Portola Hotel, LLC*, No. 19-cv-07579-VKD, 2021 WL 1022880 at *2–6

24    (N.D. Cal. Mar. 17, 2021) (evaluating a jurisdictional challenge - premised upon the lack of

25    standing under the ADA - under Rule 12(c), and applying the analysis of a Rule 12(b)(1) motion).

26        A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint

27    or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in

28    fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

(citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)).  Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  The Ninth Circuit differentiates the two types of jurisdiction challenges as follows:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).  Thus, in evaluating a motion under Rule 12(b)(1), the standards to be applied vary according to the nature of the jurisdictional challenge.  *Gastelum v. Kohl's Inc.*, No. 1:21-cv-1740-JLT-BAM, 2023 WL 2575825 at *4 (E.D. Cal. Mar. 20, 2023).

If a defendant presents a facial challenge to the Court's jurisdiction, the Court must presume the truth of the Plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004).  The Court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  However, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack.  *Safe Air*, 373 F.3d at 1039.

On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the Court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. "Faced with a factual attack on subject matter jurisdiction, 'the trial court may proceed as it never could under 12(b)(6) or [Rule] 56. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Thornhill Pub. Co.*, 594 F.2d at 734 (quoting *Mortenson*

*v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (1977)).  If a moving party presents a factual attack through either Rule 12(b)(1) or 12(c), "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000) (same).  Thus, the burden of proof remains with a plaintiff, who has "an affirmative obligation to support jurisdictional allegations with proof."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

When adjudicating a motion to dismiss that raises a factual challenge to jurisdiction, the principle that a court ordinarily may resolve disputed issues of fact (*Thornhill Pub. Co.*, 594 F.2d at 734) is subject to an important exception.  Specifically, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the 'jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action."  *Safe Air for Everyone*, 373 F.3d at 1039 (citing *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983)).  "Such an intertwining of jurisdiction and merits may occur when," for example, "a party's right to recovery rests upon the interpretation of a federal statute that provides both the basis for the court's subject matter jurisdiction and the plaintiff's claim for relief."  *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024) (citing *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1094 (9th Cir. 2008)); *see Gastelum v. Blue Diamond Hospitality LLC*, No. 21-cv-06234-EJD, 2023 WL 3958898, at *3 (N.D. Cal. Jun. 12, 2023) ("The Ninth Circuit has held that dismissal for lack of subject matter jurisdiction is generally inappropriate where a statute 'provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief,' *i.e.*, where the facts necessary to establish jurisdiction also implicate the merits of the plaintiff's claim.") (quoting *Safe for Everyone*, 373 F.3d at 1039).  Under such circumstances, the court must treat the motion like a motion for summary judgment and "leave the resolution of material factual disputes to the trier of fact …."  *Bowen*, 118 F.4th at 1144 (citing *Leite*, 749 F.3d at 1122); *see Jones v. L.A. Central Plaza LLC*, 74 F.4th 1053, 1057 n.2 (9th Cir.

2023) (noting that resolving "Article III standing issue[s] under the guise of a Rule 12(b)(1) motion, rather than a summary-judgment motion under Rule 56, might be inappropriate if those jurisdictional issues are 'intertwined with the merits.'"); *accord PDVSA US Litig. Tr. v. Lukoil Pan Ams. LLC*, 991 F.3d 1187, 1192 (11th Cir. 2021); *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 874 (10th Cir. 2020).

### III.    DISCUSSION

In the first amended complaint ("FAC"), Plaintiff asserts he suffered harm by Defendant's violations of the ADA and California's Unruh Civil Rights Act.  (Doc. 15).

In its earlier order denying Defendant's motion to dismiss the FAC, the Court found Plaintiff lacked standing to pursue an ADA claim premised on certain alleged barriers at the Hotel (involving the Hotel's passenger loading zone, the reach ranges of certain in-room appliances, and certain exterior doors), but that Plaintiff does have standing to pursue an ADA claim based on an alleged force barrier he encountered at the door to his assigned room.  *See generally* (Doc. 27).

In its pending motion to dismiss, Defendant contends Plaintiff fails to establish standing on his ADA claim because he did not allege an injury-in-fact, an intent to return, or deterrence from returning to the Hotel.  (Doc. 41-1 at 5-7).  In addition, Defendant seeks dismissal of the claims under the Unruh Act.  (*Id.* at 7).  Defendant attaches in support of his motion the declarations of Jason James (Doc. 41-2) and Jennifer Burke[2] (Doc. 47-1) and its request for judicial notice (Doc. 41-3).  In opposition, Plaintiff refutes the declaration of Jason James and evidence shown therein of the door at issue, maintains the Court did not dismiss Plaintiff's claims on the merits in denying the previous motion to dismiss, and contends none of the violations raised have been mooted.  (Doc. 44).  Plaintiff also includes in his opposition a purported cross-motion for summary judgment that Defendant seeks to strike (Doc. 46) as procedurally defective and because it advances claims the Court already has decided in its order on Defendant's earlier motion to dismiss.

///

///

---

[2] Jennifer Burke (formerly Jennifer Overstreet) previously submitted declarations in this case.  (Doc. 47 at 2, n.2).

A.     **Defendant's Administrative Motions**

*1.     Administrative Motion to Consider Late-Filed Motion (Doc. 42)*

As a preliminary matter, the Court addresses Defendant's unopposed administrative motion to consider its late-filed motion for judgment on the pleadings, filed on June 11, 2024.  (Doc. 42).  Therein, Defendant seeks administrative relief from the Court's scheduling order (Doc. 32) to accept the pending motion 11 days past the May 31, 2024, dispositive motion deadline as set forth in the scheduling order.  (*Id.* at 1).  Defendant represents the scheduling order set a hearing date for dispositive motions on July 15, 2024, and due to counsel for Defendant's oversight in calendaring this deadline which he discovered on July 7, 2024, he filed the pending motion that was set for hearing on July 16, 2024, one day later from the date set in the scheduling order.  (*Id.* ¶¶ 3-5). Defendant represents good cause exists to grant the request because there is substantial gain in judicial economy in excusing the belated filing of the motion to address the jurisdictional issue presented, which would be dispositive of the entire case.  (*Id.* ¶ 5).  Through Declaration of counsel Philip H. Stillman, Defendant represents it raised the issue with Gastelum on June 10 but Gastelum refused to dismiss the action voluntarily and did not respond directly to the request to hear the motion one day after the hearing deadline for dispositive motions.  (Doc. 42-1 at ¶ 8).  Counsel also attests that he was hospitalized in December 2023 and was recovering in March 2024, when he was then injured in a bicycle accident and as a result, had to play "catch-up" on his cases.  (*Id.* ¶ 6). Counsel declares that because he failed to calendar the dates and due to his injuries, he overlooked the dispositive motion filing deadline.  (*Id.*).

On the one hand, "[j]udicial resources are best conserved when the parties comply with the Court's scheduling orders and raise all applicable grounds for dismissal or judgment as a matter of law in a timely filed motion."  *Zavala v. Chrones*, No. 1:09-cv-01352-BAM-PC, 2012 WL 3861254, at *2 (E.D. Cal. Sept. 5, 2012).  On the other hand, the lateness of Defendant's filing (11 days) was not substantial, counsel articulates ample good cause for the delay, Plaintiff does not oppose Defendant's request and has not articulated any prejudice suffered, and in all events, this Court has a continuing obligation to satisfy itself that it retains subject matter jurisdiction (the subject of Defendant's motion).  Accordingly, the undersigned finds Defendant has established

1    good cause for the Court to consider the late-filed motion for judgment on the pleadings given

2    counsel's excusable neglect.

3            2.      *Defendant's Motion to Strike (Doc. 46)*

4          Also pending before the Court is Defendant's administrative motion to strike Gastelum's

5    purported "cross-motion" for summary judgment, incorporated in Gastelum's opposition to the

6    motion for judgment on the pleadings. (Doc. 46). First, Defendant argues that the filing is improper

7    as there is no such thing as a "cross-motion for summary judgment" filed with an opposition and

8    cites to Eastern District Local Rule 230(b) for the requirement that the non-moving party be given

9    at least 35 days' notice of a motion, not 10 days. (*Id.* ¶ 4). Second, Defendant argues that the

10   purported cross-motion does not address the same subject matter as the motion for judgment on the

11   pleadings as Gastelum advances arguments regarding his claims that the Court has already ruled

12   upon, including Gastelum's passenger loading claim and reach height claims. (*Id.* ¶ 5). Defendant

13   argues the only remaining claim is Gastelum's door opening pressure claim, which is the sole

14   subject of the motion for judgment on the pleadings. (*Id.*). Defendant argues that the purported

15   cross-motion therefore does not fall within Local Rule 230(e), and even if it did, the Court should

16   "continue the hearing on the original and all related motions so as to give all parties reasonable

17   opportunity to serve and file oppositions and replies to all pending motions." (*Id.*). Third,

18   Defendant argues that Gastelum's purported cross-motion is procedurally improper because he

19   never sought leave to file it as Defendant had properly done in filing their administrative motion

20   for leave to file the dispositive motion. (*Id.* ¶ 6). Fourth, Defendant argues that Local Rule 260(a)

21   requires that a party filing a motion for summary judgment file a separate statement of undisputed

22   facts, which Gastelum has failed to do. (*Id.* ¶ 7). Defendant argues that the purported cross-motion

23   is merely a reassertion of claims already rejected by this Court. (*Id.*). Thus, Defendant argues the

24   foregoing warrants striking Gastelum's purported cross-motion for summary judgment. (*Id.* ¶ 8).

25         The undersigned will recommend that Defendant's motion to strike be granted or that, in

26   the alternative, the assigned district judge deny Gastelum's purported cross-motion for summary

27   judgment given it re-raises claims already decided by the Court in its earlier order (Docs. 13, 27)

28   and because the purported cross-motion for summary judgment is defective for its failure to include

1    a statement of undisputed material facts.  *See* E.D. Cal. L.R. 260(a).

2    **B.    Defendant's Motion for Judgment on the Pleadings or in the Alternative, for**

3    **Summary Judgment (Doc. 41)**

4    *1.    Request for Judicial Notice of Gastelum's Litigation History*

5    Defendant requests the Court take judicial notice of a copy of a spreadsheet downloaded

6    from PACER showing Gastelum's cases filed in federal court in California and the declaration of

7    Jennifer Overstreet filed in support of Defendant's motion to dismiss the first amended complaint.

8    (Doc. 41-3).  Defendant asserts "Gastelum is a serial, high volume [ADA] plaintiff, who lives in

9    Arizona and who has filed more than 170 ADA lawsuits since 2018."  (Doc. 41-1 at 2).  Defendant

10    contends that 14 of those lawsuits, including the instant action, were filed in a two-month period

11    from July 9, 2021, through September 3, 2021.  (*Id.*).  Defendant contends that number has now

12    grown to 75 lawsuits, 24 of them against hotels in California.  (*Id.*).

13    The Ninth Circuit urges courts to exercise caution "before construing a Disability Act

14    Plaintiff's history of litigation against him."  *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d

15    1165, 1174 (9th Cir. 2010).  "For the ADA to yield its promise of equal access for the disabled, it

16    may indeed be necessary and desirable for committed individuals to bring serial litigation

17    advancing the time when public accommodations will be compliant with the ADA."  *Molski v.*

18    *Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007).  Accordingly, the Court declines

19    to consider Gastelum's litigation history in evaluating the pending motion and denies the request

20    for judicial notice as to that proffered information.  However, the Court takes judicial notice of the

21    Overstreet declaration as it was filed previously in the instant action.[3]  "The Court only

22    takes judicial notice of the contents, or lack of contents, within the documents noticed and not the

23    truth of those contents."  *W.A. by and through Anderson v. Panama Buena Vista Union Sch. Dist.*,

24    No. 1:22-cv-01057-JLT-CDB, 2024 WL 3636600, at *5 (E.D. Cal. Aug. 2, 2024).

25    *2.    Standing Under the ADA*

26    Importantly, "jurisdiction is to be assessed under the facts existing when the complaint is

27    _____

28    [3] The Court may take judicial notice of court records.  *United States v. Wilson*, 631 F.2d
118, 119 (9th Cir. 1980).

filed." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992).  Consequently, "[t]he requisite personal interest" - standing - "must exist at the commencement of the litigation."  *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 214 (2000) (citation omitted); *see Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 850 (9th Cir. 2007) (the court "must consider the facts as they existed at that time the complaint was filed"); *Langer v. Kiser*, 57 F.4th 1085, 1098 (9th Cir. 2023) ("standing ordinarily depends on the facts that exist at the time the complaint is filed") (internal quotation and citation omitted).

To show standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc).  An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'"  *Lujan*, 504 U.S. at 560 (omitting internal citations).  An injury is "concrete and particularized" when a plaintiff suffers discrimination due to architectural barriers at a public accommodation and those barriers have deterred plaintiff from returning.  *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008).

A plaintiff suffers an "actual and imminent" injury under the ADA when he alleges "(1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied." *Doran*, 524 F.3d at 1041 (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).  For standing purposes, an ADA plaintiff must allege sufficient facts to demonstrate that an accessibility barrier "interfere[s] with [his] 'full and equal enjoyment' of the facility" in question.  *Chapman*, 631 F.3d at 947 (quoting 42 U.S.C. § 12182(a)).  A barrier amounts "to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability."  (*Id.*).

The ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'"  (*Id.*).  If a barrier violating the ADAAG standards "relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element."  (*Id.*).

Defendant's factual challenge to jurisdiction is that Gastelum lacks standing because he "has not alleged an injury in fact." (Doc. 41-1 at 5). Defendant contends that "[t]he one alleged barrier remaining after this Court ruled on Defendant's Motion to Dismiss the First Amended Complaint [] does not exist at all and is therefore not [a] 'concrete and particularized[]'" injury. (*Id.* at 5); *see* (Doc. 15 ¶ 17(b)) ("The door to the assigned [hotel] room required greater than 5 lbs of force to open."). Defendant argues the declaration of Jason James shows the hotel room door at issue is a fire-rated door that does not implicate the interior door pressure code set forth in the 2010 ADAAG § 404.2.9(1). (Doc. 41-1 at 7). Instead, as a fire rated door, the minimum opening force allowable under the California Building Code is up to 15 pounds. *Id.* (citing Doc. 41-2, Declaration of Jason James ["James Decl."] at ¶¶ 5-6). Accordingly, Defendant contends that because there is either no violation at all or the alleged violation is moot, Gastelum fails to state an ADA claim or an injury in fact. (*Id.*). Defendant further argues that regardless of whether Gastelum has or had a legitimate intent to return to Defendant's hotel, Gastelum fails to show a real and immediate threat of future injury as there is no allegation of a "noncompliant accommodation." (*Id.* at 8). Defendant argues that without a federal cause of action, Plaintiff's Unruh Act claim should also be dismissed. (*Id.*).

In response, Plaintiff contends that "whether an element is 'accessible to and usable by' is a purely factual question requiring resolution by a finder of fact, either a Judge or a Jury[,]" and the Court denied Defendant's motion to dismiss the first amended complaint "without deciding any substantive issues." (Doc. 44 at 4). Plaintiff disputes the evidence represented in the Declaration of Jason James as James "declines to confirm that the door to the room is not required to be a fire door" and the photos shown are not "of the guest room where Plaintiff stayed." (Doc. 44 at 2, 6-9). Specifically, Plaintiff disputes that: "[t]here was no 'non-removable' tag on the door at the time of Plaintiff's visit"; the door is "not a required fire door"; none of the previously offered declarations refer to the door as a fire door or make any reference to the non-removable tag on the door; and neither of the two YouTube videos examining the door shows the non-removable tag on the door. (*Id.* at 8). Plaintiff separately argues that even if the door to the room were a required fire door, and it opened into the room and not into the hallway, the actual push/pull force at the

14

time of Plaintiff's visit was 20 pounds of force.  (*Id.*) (citing Doc. 7, Declaration of Fernando Gastelum ["Gastelum Decl."] at ¶ 12(c)).  Plaintiff contends none of the violations have been mooted as Defendant has not shown the unlawful behavior could not reasonably be expected to recur, and as to the door at issue, the "tensioning of the door closing devices is subject to constant and continuous maintenance."  (*Id.* at 9).

In reply, Defendant argues the photograph of the door in Gastelum's declaration purportedly showing 20 pounds of opening pressure is illegible and "there is no evidence that the gauge was either calibrated or reliable."  (Doc. 47 at 2).  Defendant argues Gastelum lacks standing to assert his ADA claim based on door opening pressure because there is no issue of fact regarding whether the Room 411 door at issue is a fire door that, under the relevant ADAAG guidelines, is required to have 15 pounds or less of opening pressure, and Gastelum has failed to show that he suffered a particularized injury.  (*Id.* at 3-4).  Defendant further argues that even if the Room 411 door was about 20 pounds of force on the day that Plaintiff stayed there, his sole claim is moot as the door "currently complies with the 2010 ADAAG" guidelines and there is no real and immediate threat of future injury.  (*Id.* at 4-5).  Because Plaintiff "has presented no admissible evidence to contradict that" or to show he suffered "difficulty, discomfort, or embarrassment" as a result of the alleged nonconforming condition, Defendant seeks the Court grant its motion and dismiss the Unruh Act claim.  (*Id.* at 7).

"Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of the action."  *Sun Valley Gasoline, Inc.*, 771 F.2d at 139.  Here, Defendant's argument - factually attacking whether the room door at issue violates the ADAAG to undermine Gastelum's standing for his ADA claim - is "too intertwined with the merits of Plaintiff's ADA claim for the Court to resolve this on a Rule 12[(c)] motion." *Gastelum v. Parvarti Hospitality Inc.*, No. 21-cv-06235-BLF, 2022 WL 2812176, at *4 (N.D. Cal. July 18, 2022).  The evaluation of Gastelum's standing to assert an ADA claim based on the challenged Hotel room door necessarily requires resolving (1) whether the door was at the time of Gastelum's visit a fire-door and (2) whether the door's opening pressure was at the time of Gastelum's visit in

1   compliance with the ADAAG and/or California Building Code.

2       Applying a summary judgment standard to Defendant's Article III standing challenge, the

3   undersigned finds genuine disputes of material fact render dismissal on standing grounds improper.

4   *See Bowen*, 118 F.4th at 1146.  Gastelum attests the force required to open his room door exceeded

5   20 pounds.  (Doc. 15 ¶ 17(b)); (Doc. 44 at 9).  Gastelum also attests the door required two hands

6   for operation, including one hand to operate the handle and another to push the door open.  (*Id.*).

7   Defendant contests the purported violative nature of the hotel room door through the declarations

8   of Jason James (a certified access specialist) and Jennifer Burke (the Hotel manager).  (Doc. 41-1

9   at 6); (Doc 41-2 ¶¶ 2, 3).  James found that Room 411 is a fire-rated door, and attached to his

10  declaration is a picture of a tag on the of the door showing the door is a fire-rated door, rated to 20

11  minutes.  (Doc. 41-1 at 6); (Doc. 41-2 ¶¶ 4-5, Ex. 1).  On June 7, 2024 (*i.e.*, approximately three

12  years after Gastelum's visit), James found that the door has an opening force of 12.1 pounds.  (Docs.

13  41-2, Ex. 2; 41-3 ¶¶ 6-8).  Further supporting the argument that the door is a fire-rated door is the

14  declaration of Burke, the general manager of the Hotel.  (Doc. 47-1).  Burke refutes Plaintiff's claim

15  regarding the door tag in declaring that the fire tag "has been on the door since prior to Mr. Gastelum

16  staying at the [H]otel."  (Doc. 47-1 ¶ 3).  The fire tag appears on the hinge side of the door.  (Doc.

17  41-2, Ex. 1).  The door appears to open into the hotel room, contrary to Gastelum's contention that

18  it "opens into the hallway, not into a room" or that "it leads into the stairwell."  (*Id.*); (Doc. 44 at

19  8).

20      These are quintessential "factual issue going to the merits" of whether the Hotel complies

21  with ADA accessibility requirements.  *Safe Air for Everyone*, 373 F.3d at 1039.  Because there are

22  disputed issues of fact implicated and because the Court must construe those facts in the light most

23  favorable to the nonmovant (here, Gastelum), the Court may not resolve the dispute on a motion

24  for judgment on the pleadings.  *See, e.g., Parvarti Hospitality Inc.*, 2022 WL 2812176 at *4;

25  *Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, 2021 WL 3913519, at *3 (N.D. Cal. Sept.

26  1, 2021) (declining to dismiss based on Rule 12(b)(1) standing challenge where issue of whether

27  the restaurant's facilities are accessible to Plaintiff was too intertwined with the merits).[4]

28

---

[4] Defendant separately argues that Gastelum lacks standing to assert claims for injunctive

1           3.     *Mootness*

2           "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction

3    under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil

4    Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "A

5    case is moot 'when the issues presented are no longer live or the parties lack a legally cognizable

6    interest in the outcome.'" *Gers v. Vantage West Credit Union*, Case No. cv-19-04964-PHX-DJH,

7    2020 WL 13605449, at *4 (D. Az. Aug. 6, 2020) (quoting *Rice Servs., Ltd. v. U.S.*, 405 F.3d 1017,

8    1019 n.3 (Fed. Cir. 2005)) (quotation and citation omitted).  In other words, "when the challenged

9    conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it

10   becomes impossible for the court to grant any effectual relief whatever to the prevailing party."

11   *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted).

12          For the same reasons Defendant's factual challenge to Gastelum's standing fails, the

13   undersigned is not persuaded by Defendant's argument that Gastelum's ADA claim is moot

14   "regardless of whether there is a factual dispute … regarding the condition of the [Hotel room]

15   door … [that] the door opening pressure to Room 411 currently complies with the 2010 ADAAG."

16   (Doc. 47 at 6).  The undersigned finds that the jurisdictional facts as to whether the door barriers

17   existed, and if so, whether those barriers had been removed, are intertwined with the merits of

18   Gastelum's ADA claim such that resolution of any factual issues on Defendant's 12(c) motion is

19   "improper" and mootness cannot be determined as a matter of law.  *Gers*, 2020 WL 13605449, at

20   *5 (citing *Johnson v. Hernandez*, 69 F. Supp. 3d 1030, 1035 (E.D. Cal. Nov. 24, 2014)) (declining

21   to dismiss plaintiff's ADA claim as moot on a Rule 12(b)(1) factual challenge due to the

22   intertwining of that determination with the merits of Plaintiff's ADA claim and where plaintiff

23   disputed that barriers had been removed); *Hopson v. Ross Stores, Inc.*, No. 2:19-cv-01379-KJN,

24   2019 WL 6717609, at *2-3 (E.D. Cal. Dec. 10, 2019) (same); *Hopson v. Plaza*, No. 2:14-cv-02988-

25   TLN-KJN, 2016 WL 1599477, at *4 (E.D. Cal. Apr. 21, 2016) (same).

26   ///

27       relief for want of "a 'noncompliant accommodation.'"  (Doc. 41-1 at 8).  But given the existence

28   of disputed issues of material fact as to any preexisting and continuing violation presented by the
     Room 411 door, the undersigned disagrees.

1                    *4.      Standing to Seek Injunctive Relief*

2          Defendant argues that Gastelum lacks standing to seek injunctive relief because "there must

3   be a 'noncompliant accommodation.'"  (Doc. 41-1 at 8).  Defendant contends that "without a

4   cognizable violation of the ADA, Gastelum cannot show under any set of facts that he established

5   a real and immediate threat of future injury." (*Id.*).  Gastelum contends in the first amended

6   complaint that as an ADA tester who frequently travels to the Bakersfield area where the Hotel is

7   located, he "is often in the area where the Hotel is located" and he "intended to return to the Hotel

8   in the winter of 2021/2022." (Doc. 15 ¶¶ 24-26).  Gastelum alleges he "in fact went to Bakersfield

9   in mid-January 2022, but declined to stay at the Hotel based on his knowledge that the Hotel was

10  not accessible." (*Id.* ¶ 27).  Plaintiff alleges he intends to return to the Hotel "once it is represented

11  to him that the Hotel is accessible" because "he is currently deterred from doing so because of his

12  knowledge of the existing barrier[ of the room door.]" (*Id.* ¶ 28).

13         "Allegations that a disabled plaintiff intends to visit a place of public accommodation but

14  is deterred from doing so by non-compliance with the ADA are sufficient to establish standing to

15  seek injunctive relief." *Parvarti Hospitality Inc.*, 2022 WL 2812176, at *5 (citing *C.R. Educ. &*

16  *Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017); *Pickern v. Holiday Quality*

17  *Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)).  The undersigned finds that Gastelum has

18  sufficiently alleged his intent to return to the Hotel, as well as his deterrence from currently doing

19  so; thus, Gastelum possesses Article III standing to seek injunctive relief. *Blue Diamond*

20  *Hospitality LLC*, 2023 WL 3958898, at *7.

21                   *5.      Claim Under State Law and Supplemental Jurisdiction*

22         Defendant contends that without a federal cause of action, Gastelum's Unruh Act claim

23  should also be dismissed.  (Doc. 41-1 at 7).  This Court found previously that "Plaintiff [then]

24  adequately alleged standing to assert an ADA claim and that 'judicial economy and convenience'

25  weighed in favor of retaining jurisdiction over the Unruh Act claim." (Doc. 35 at 2).  In so doing,

26  the Court acknowledged that "[n]otwithstanding [*Vo v. v. Choi*, 49 F.4th 1167 (9th Cir. 2022)], in

27  light of the unique circumstances and posture of this case, retaining supplemental jurisdiction over

28  Gastelum's Unruh Act claim is warranted." (*Id.* at 3).  Defendant has not shown how those

circumstances have changed such that retaining supplemental jurisdiction over Plaintiff's Unruh Act claim IS no longer warranted.  Because Defendant "rel[ies] on dismissal of Plaintiff's federal claims" in arguing that the Court should dismiss the state claim, and the undersigned does not find dismissal those federal claims appropriate, the undersigned rejects Defendant's argument to dismiss Plaintiff's Unruh Act claim.  *Williams v. A&M Bros, LLC*, Case No. 1:22-cv-00077-JLT-BAM, 2023 WL 474781, at *5 (E.D. Cal. July 25, 2023) ("Because Plaintiff's claims are not dismissed, this renders Defendant's argument moot."); *Parvarti Hospitality Inc.*, 2022 WL 2812176, at *6 ("Since the Court has determined Plaintiff's ADA claim may properly go forward, the Court DENIES Defendant's motion to dismiss Plaintiff's Unruh Act claim.").

*Remainder of This Page Intentionally Left Blank*

IV.    **ORDER, FINDINGS AND RECOMMENDATIONS**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's administrative motion to consider late-filed motion (Doc. 42) is GRANTED.

And **IT IS HEREBY RECOMMENDED** that:

1.  Defendant's motion to strike Plaintiff's purported cross-motion for summary judgment (Docs. 44, 46) be GRANTED, or in the alternative, Plaintiff's cross-motion be DENIED.

2.  Defendant's motion for judgment on the pleadings (Doc. 41) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **January 29, 2025**

_____
UNITED STATES MAGISTRATE JUDGE